## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| ASSOCIATED INDUSTRIES INS. CO., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action |
| | ) | |
| v. | ) | No. 1:21-cv-04939-SDG |
| | ) | |
| HISCOX INS. CO. INC., ATLANTA | ) | |
| PRODUCTIONS INC., D/B/A MUSIC | ) | |
| MATTERS AND GEORGE M. | ) | |
| LOVELL III AUDIOVISUAL | ) | |
| SERVICES | ) | |

Defendants.

### COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW ASSOCIATED INDUSTRIES INSURANCE COMPANY

("Associated") and files this Complaint for Declaratory Judgment pursuant to Rule

57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201 and 2202, and

shows the Court as follows:

### Parties and Jurisdiction

1.

Associated is a corporation existing under the laws of the State of Florida with

its principal place of business in the State of New York.  It is a citizen of the States

of Florida and New York.

2.

Defendant Hiscox Ins. Co., Inc. ("Hiscox") is a corporation organized under the laws of the State of Illinois with its corporate headquarters located in the State of Georgia.  Hiscox is licensed to do business in the State of Georgia.   It is a citizen of the States of Illinois and Georgia.

3.

Defendant   Atlanta   Productions,   Inc,   d/b/a/Music   Matters   ("Atlanta Productions") is a corporation organized under the laws of the state of Georgia with its principal place of business in Illinois.   Its registered agent is Corporation Service Company at 2 Sun Court, Suite 400, Peachtree Corners, Gwinnett County, Georgia 30092.   It is a citizen of the States of Georgia and Illinois.

4.

Defendant George M. Lovell III, d/b/a George M. Lovell III Audio Visual Services ("Lovell"), is a resident of the state of Georgia and may be properly served at 441 Lower Boundary Street, Macon, GA  31206.  He is a citizen of the State of Georgia.

5.

Lovell operates a business located in Macon, Georgia that rents audio visual, communication and sound equipment.

6.

Lovell is the named insured under a commercial general liability policy issued by Associated, Policy No. AES1188539-01, effective April 1, 2020 to April 1, 2021 (the "Policy").  A certified copy of the Policy is attached as Exhibit A.

7.

This action is within the Court's original jurisdiction under 28 U.S.C. § 1332 in that it is a civil action between citizens of different states (Plaintiff is a resident of the State of New York and the State of Florida and Defendants are residents of the States of Georgia and Illinois.  The amount in controversy is in excess of $75,000, exclusive of interest and costs, as claimed in the state court action below.

8.

Venue is proper in this forum and is predicated on 28 U.S.C. § 1391(b)(2) and (c)(2), because, as set out herein, two of the defendants reside in this district, Fulton County, and this is the judicial district in which the alleged property damage occurred as well as the County where the state court action is pending.

**Facts Pertaining to the Underlying Litigation**

9.

Defendants Hiscox and Atlanta Productions have asserted claims for property damage against Lovell in a lawsuit styled as *Hiscox Ins. Co., Inc. and Atlanta*

*Productions, Inc. d/b/a Music Matters v. George M. Lovell III Audio Visual Services*,

pending in the Superior Court of Fulton County, Georgia as Civil Action No.

2021CV353150 (the "Underlying Action").   Associated is not a party to the

Underlying Action.

10.

In the Underlying Action, Atlanta Productions alleges that it was hired to

provide audio and video production elements for an event at the Home Depot

Backyard at Mercedes Benz Stadium.  The event was to take place October 29-30,

2020.

11.

Atlanta Productions alleges that it retained Lovell to "design, construct and

install a structural support mechanism to support audiovisual equipment to be used

in the event."  [Complaint, Underlying Action Complaint at ¶ 7]  The Structure

would be used to suspend Atlanta Productions' equipment, including a jumbotron.

12.

Atlanta Productions alleges that Lovell provided a photograph of a similar

structure to the one that it was installing.  [Complaint, Underlying Action at ¶ 8]

13.

Atlanta Productions further alleges that Lovell "was exclusively in charge of the design, construction, and installation of the Structure."  [Complaint, Underlying Action at ¶ 9]

14.

Atlanta Productions alleges that Lovell built and constructed the Structure starting on October 28, 2020.  [Complaint, Underlying Action at ¶ 16]

15.

Atlanta Productions alleges that Lovell incorrectly attached the ballasts for the Structure and that Lovell's design for the ballasts and their installation rendered the ballasts useless.  [Complaint, Underlying Action at ¶¶ 17, 20, 21, 22 and 23]

16.

Atlanta Productions contends that after its audiovisual equipment was installed onto the Structure, Lovell moved it to ground level to protect it from an incoming storm. [Complaint, Underlying Action at ¶ 25]

17.

The next day, October 29, 2020, Atlanta Productions alleges that its audiovisual equipment was significantly damaged when Lovell raised the Structure and the Structure fell as a result of the ballast issue.  [Complaint, Underlying Action at ¶ 28]

18.

Atlanta Production contends that Lovell was negligent in the design, construction and installation of the Structure and that, as a result, it has incurred property damages of $680,506.98.  [Complaint, Underlying Action at ¶ 35]

19.

Upon information and belief, Hiscox is the insurer for Atlanta Production.  It is a Plaintiff in the Underlying Action.

## The Insurance Coverage Issue

20.

The Policy provides, in its Insuring Agreement, as follows:

We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.

Policy, Section I – Coverages, Coverage A Bodily Injury and Property Damage Liability, 1. Insuring Agreement, at p. 1 of 15 of CGL form.  *See* Exhibit A, at 000024.

21.

The Standard Additional Exclusions endorsement adds that where there is no coverage under the Policy, there is no duty to defend.  Form NX GL 167 09 18, ¶ 3, at p. 2 of 7.  *See* Exhibit A, at 000111.

22.

"Property damage" is defined as:

> a.      Physical injury to tangible property, including all resulting loss of use of that property….; or b. Loss of use of tangible property that is not physically injured…."

Policy, Section I – Coverages, Coverage A Bodily Injury and Property Damage Liability, V. Definitions, 17., at page 14 of 15 of CGL form.  *See* Exhibit A, at 000037.

23.

The Policy only applies to Property Damage that is sustained as a result of an "occurrence."   Policy, Section I – Coverages, Coverage A Bodily Injury and Property Damage Liability, 1. Insuring Agreement, b (1), at page 1 of 15 of CGL form.  *See* Exhibit A, at 0000024.

24.

The Policy defines the term "occurrence" to mean an "accident."  Policy, Section I – Coverages, Coverage A Bodily Injury and Property Damage Liability, V. Definitions, 13., at page 14 of 15 of CGL form.  *See* Exhibit A at 000037.

25.

The Policy contains an exclusion by endorsement called the "Total Professional Services" exclusion.  This endorsement provides that it modifies the CGL policy form to add an additional set of exclusions.  It provides that otherwise covered losses are not covered by the Policy if they arise out of "the rendering of or the failure to render any professional services by you or anyone who is performing work on your behalf."  The term "professional services" includes "construction engineering, design, or assessment" as well as recommending designs or specifications, or performance of supervisory or inspection activities.  The endorsement provides that Associated owes no duty to defend or other coverage obligations "arising from activities excluded by this endorsement".  Policy, Form NXGL 198 01 13.  *See* Exhibit A, at 000120.

26.

The Policy includes Exclusions within the CGL form, including "J. Property Damage," which bars coverage for damage to "that particular part of any property that must be restored, repaired or replaced because 'your work' was incorrectly performed on it."  Policy, Section I, Coverages, Coverage A. Bodily Injury and Property Damage Liability, 2. Exclusions, J. Damage to Property (6), page 4 of 15, CGL form.  *See* Exhibit A, at 000027.

27.

The Policy defines "Your Work" as follows:

1)      Work or operations performed by you or on your behalf; and

2)      Materials, parts or equipment furnished in connection with such
        work or operations.

The term "Your Work" also includes:

1)      Warranties or representations made at any time with respect to
        the fitness, quality, durability, performance or use of "your
        work," and

2)      The providing of or failure to provide warnings or instructions.

Policy, Section I – Coverages, Coverage A Bodily Injury and Property Damage

Liability, V. Definitions, 22, page 15 of 15, CGL form.  *See* Exhibit A, at 000038.

28.

The Policy is also endorsed with an Exclusion for "Designated Construction

or Contractor Operations."  The exclusion provides that the coverage under the CGL

"does not apply to property damage" arising out of Rigging operations (not ship or

boat)."  The term "rigging" is not defined in the Policy.  Policy, Form AES GL 222B

0517.  *See* Exhibit A, at 000022.

29.

Lovell is the named insured under the Policy.  The equipment loss alleged in

the Underlying Action is "property damage" as defined in the Policy.  The loss

incident constitutes an "occurrence" under the Policy.

30.

Associated is providing a defense in the Underlying Action to Lovell under a

Reservation of Rights.

31.

Lovell has made demand on Associated for indemnification of the damages

alleged in the Underlying Action.

32.

The coverage obligations of an insurer are determined by comparing the

allegations of the Complaint with the terms of the Policy

33.

The claims of Lovell, Hiscox and Atlanta Productions for coverage under the

Policy are excluded under the said Total Professional Services Endorsement.

34.

The claims of Lovell, Hiscox and Atlanta Productions for coverage under the

Policy are excluded under exclusion J. of the Policy, since the equipment at issue

was damaged because Lovell's work is alleged to have been incorrectly performed on it.

35.

The claims of Lovell, Hiscox and Atlanta Productions for coverage under the Policy are excluded under the Exclusion for "Designated Construction or Contractor Operations," since all of the conduct alleged in the Underlying Action to have been negligent or wrongful constituted rigging operations.

36.

There is no other action that is currently pending in which coverage issues under the Policy have been raised.

37.

A real and actual controversy exists in that Associated believes it owes no coverage for the Underlying Action and because Associated is providing a defense for Lovell in the Underlying Action and could be required to indemnify Lovell for the amount of any judgment rendered against Lovell in that action. Associated is faced with an immediate controversy and, therefore, states a claim under the Declaratory Judgment Act (28 U.S.C. § 2201 et seq.) and Article III of the U.S. Constitution. *See Malowney v. FDIC*, 193 F. 3d. 1342 (11th Cir. 1999).

## **Prayer**

*Wherefore*, Associated respectfully requests that the Court grant it the following relief:

(a)     Issue an order declaring that Associated owes no indemnity coverage to Lovell, Hiscox or Atlanta Productions because of their alleged property damage loss;

(b)     Issue an order declaring that Associated owes no obligation to provide Lovell with a defense in the Underlying Action; and

(c)     Such other and further relief as this Court deems proper.

*/s/ William Allred*_____
William Allred, Ga. Bar No. 000320
Elizabeth G. Howard, Ga. Bar No. 100118
Counsel for Plaintiff

**BARRICKMAN, ALLRED & YOUNG, LLC**
5775 Glenridge Dr, NE, Ste E-100
Atlanta, GA   30028
(404) 790-0123 -- Allred
94) 538-1225 -- Howard